**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-cr-00025 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| DONALD SMITH, | : | |
| Defendant. | : | |
| | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE (DOC. 108)**

---

This case is before the Court on the Motion for Compassionate Release (Doc. 108) (the "Motion") filed by Defendant Donald Smith ("Defendant").  Defendant brings his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asking that the Court allow him to be released from confinement because of a "recent outbreak of COVID-19 at FCI [Federal Correctional Institution] Elkton where [he] is being housed."  (Doc. 108.)  In the Motion, "Defendant acknowledges that he has not exhausted all of his BOP [Bureau of Prisons] remedies."  (*Id.*)

Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Given Defendant's concession that he has not fully exhausted his Bureau of Prisons remedies, and that he has not otherwise shown that either condition of this statutory exhaustion requirement has been

fulfilled, the Court cannot grant the Motion.  *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"); *see also United States v. Allen*, Case No. 1:19-cr-98-10, 2020 U.S. Dist. LEXIS 66414 (N.D. Ohio Apr. 15, 2020) (denying defendant's motion for compassionate release in context of COVID-19 pandemic because he failed to comply with the exhaustion and 30-day requirements of § 3582(c)(1)(A)); *United States v. Alam*, Case No. 15-20351, 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. Apr. 8, 2020) (denying emergency motion for compassionate release, collecting cases, and concluding that "neither condition described in 18 U.S.C. § 3582(c)(1)(A) is met, and that this failure to exhaust cannot be excused, even in light of the COVID-19 pandemic"); *United States v. Washington*, Case No. 5:13-020-DCR, 2020 U.S. Dist. LEXIS 65186, at *2-3 (E.D. Ky. Apr. 14, 2020) (denying defendant FIC Elkton inmate's motion for reconsideration of order denying motion for compassionate release under 18 U.S.C § 3582(c)(1)(A)(i) within context of COVID-19 pandemic because, among other reasons, defendant "concedes that he has not exhausted administrative remedies").  Therefore, the Court **DENIES** Defendant's Motion for Compassionate Release (Doc. 108) without prejudice.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 20, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
